UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


James J. Fisher, Jr.                          )
                                              )
v.                                            )        Civil No.: 1:25-CV-00063-TSM
                                              )
Town of Winchester                            )
Winchester Police Department                  )


**DEFENDANT'S ANSWER JURY DEMAND**

NOW COMES the Defendant, Town of Winchester, Winchester Police Department[1]

("Town"), by and through their attorneys, Friedman Feeney Getman, PLLC, by way of Answer

to Counts II, III, IV and V[2] and Cullen Collimore Shirley PLLC with regards to Count I, and

states as follows:

**INTRODUCTION**

1.  The statements in this paragraph are statements of law for which no response is required.

**PARTIES**

2.  Defendant lacks knowledge sufficient to admit or deny and therefore denies same.

3.  Defendant admits the first, second, third and fifth sentences of this paragraph. With

    regard to the fourth sentence, Defendant admits the Winchester Police Department is part

    of the Town of Winchester, however the allegation of responsibility is a conclusion of

    law for which no response is required.

---

[1] The Winchester Police Department is not a separate entity. It is part of the Town of Winchester.
[2] The Town is represented by Brian J. S. Cullen, Esq., for Count I.

4. The allegations of this paragraph are a conclusion of law for which no response is required.

## VENUE AND JURISDICTION

5. Defendant does not contest venue or jurisdiction with this Court.

## STATEMENT OF FACTS

6. The statements of this paragraph do not require a response as they are statements of plaintiff's thoughts.

7. Defendant admits the first sentence. Defendant admits plaintiff was promoted to Lieutenant in or about February 2021. Defendant admits plaintiff held the title of officer in charge, but only until 10/6/21 at which time the title was rescinded because a new police chief was hired. Defendant admits at times during his employment plaintiff was a non-exempt employee. Defendant admits it received a letter of resignation from plaintiff dated 6/6/24. Defendant denies the remainder of the allegations of this paragraph.

8. Admitted.

9. Denied.

10. Denied. By way of further explanation, staffing levels were previously authorized as part of the 2020-2021 budget.

11. Denied, except to admit that police department employees were assigned times when they were "on call."

12. As the Plaintiff does not provide a specific date range in this paragraph, there is insufficient information for the Town to admit or deny the first sentence of this paragraph, and it is therefore denied. The Defendant admits that an officer's hours when they are "on call" are different from hours when they are physically working in the field.

2

13. Denied.

14. Denied.

15. The Town has insufficient knowledge to admit or deny this paragraph, which is a statement of plaintiff's opinion, and therefore denies same.

16. Admitted that members of the Board of Selectmen ("BOS") referred to plaintiff as the "officer in charge." However the title was rescinded by the BOS on 10/6/21.

17. Admitted. By way of further response, the complaining victim (niece of board member) alleged sexual assault by Officer Edson.

18. Admitted in part. Defendant admits that plaintiff conducted an interview of the victim referenced in the preceding paragraph. Defendant admits only that plaintiff directed Officer Kristopher Fox to also conduct an interview of the victim. Remainder of the allegations are denied.

19. Except to admit that in late June 2021, Defendant did not have a police chief and therefore the duties of same were reserved to the BOS by law, Defendant lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

20. Admitted in part. Defendant admits that in August of 2021 Ms. Miner and Ms. Bond questioned plaintiff as to why Officer Edson was on paid administrative leave. Plaintiff told Ms. Miner and Ms. Bond that the matter involved an allegation of excessive force. Remainder of the allegations are denied.

21. Defendant lacks knowledge sufficient to admit or deny the allegations of this paragraph and therefore denies same.

22. Denied.

23. Admitted.

24. Defendant denies the allegations of this paragraph. By way of further response, the Town rescinded the title of officer in charge from plaintiff on 10/6/21.  By way of further response, absent a police chief, the duties of same were reserved to the BOS and Town Administrator, Karey Miner.

25. Denied as to first sentence. The second sentence is a statement of opinion for which no response is required.

26. Denied.

27. Admitted that the Town had budgeted for additional officers.  The use of the phrase "repeatedly requested" in this paragraph is vague, and the Town is therefore unable to admit or deny the remainder of this paragraph and therefore denies same.

28. Admitted that Erik Josephson was hired as Chief of Police, although the date was in or around September of 2021.  Admitted that he was not certified as a New Hampshire officer at the time of his hiring, although he was a certified Massachusetts officer. Insufficient knowledge to admit or deny the remainder of the facts alleged in this paragraph and therefore deny same.

29. Denied.

30. Denied,

31. Denied, except to admit that plaintiff submitted FMLA documents.

32. Denied, except that the Town admits that on 11/23/21 it approved a FMLA request from Plaintiff.

33. Admitted in part.  The Town Finance Department asked to readdress the issue of on-call pay for the police department at the 11/10/21 Board of Selectmen meeting.  The Board

tabled the matter for discussion at a later date.  The Town has insufficient information to admit or deny whether the representative of the Town Finance Department was the resident identified in this paragraph and therefore denies same.

34. Denied.

35. Denied.  A public hearing relating to notice of charges brought against K.F. was held before the Board of Selectmen on 1/19/22.

36. Admitted.

37. Admitted, except the vote took place on December 1, 2021.

38.  The first sentence of the paragraph is denied, except to admit that the Town retained Attorney Jeanne Saffan to conduct an independent investigation on or about October 28, 2021.  Insufficient knowledge to admit or deny the factual allegations in the second sentence of this paragraph relating to when plaintiff learned of the allegations and therefore deny same.

39. Denied that the Town interfered with the Edson case.  Insufficient knowledge to admit or deny the factual allegations in this paragraph concerning the content of statements made by Plaintiff to an unnamed investigator at the Attorney-General's office and therefore deny same.

40. Admitted that Chief Josephson sent an email on January 18th, 2022 notifying Plaintiff and Maryann Platz that K.F.'s counsel requested their attendance at K.F.'s termination hearing before the Board of Selectmen.  The remainder of the paragraph is denied.

41. Admitted; by way of further response K.F. was ably represented by counsel Benjamin King, who chose not to call Plaintiff as a witness.

42. Denied.

43. Denied.

44. Denied.

45. Denied, except to admit a Notice of Charges was provided to Mr. Fisher on January 27, 2022.

46. Admitted that Plaintiff was placed on administrative leave without pay.

47. Denied.

48. Denied.

49. Insufficient knowledge to admit or deny and therefore deny same.

50. Insufficient knowledge to admit or deny and therefore deny same.

51. Denied as worded.  Admitted that public hearings on the noticed charges against Plaintiff were held pursuant to RSA 41:48 on 2/10/22 and 2/24/22.

52. Denied.

53. Denied as worded.  Admitted that the Board of Selectmen voted on a motion to accept and approve the notice of charges, which resulted in a 2-2 tie.  As a result, the notice was not approved.

54. Admitted.

55. Denied; the preparation of proposed findings of fact does not indicate prejudgment by the Board of Selectmen, as evidence by the decision not to approve the notice of charges.

56. Denied as worded; by way of further response, the Plaintiff was ably represented by counsel and chose not to prepare proposed findings of fact.

57. Admitted that Picard requested the other selectmen place the reason for their "no" vote on the record; the remainder of this paragraph is a statement of the Plaintiff's opinion and is denied.

58. Denied.

59. Admitted that D.P. filed a complaint about an alleged unlawful arrest by the Winchester PD which occurred in October of 2020.  Insufficient knowledge to admit or deny the facts alleged in this paragraph relating to what plaintiff communicated to D.P and therefore deny same.  By way of additional response, D.P. also complained about the police department's handling of the internal affairs investigation relating to the matter.

60. Admitted that plaintiff was not involved in the October 2020 wrongful arrest that D.P. complained of, but denied that he was not involved in the handling of the internal affairs investigation.

61. Denied.

62. Denied.

63. Denied, except to admit that Cheshire County Sheriff Eli Rivera interviewed Plaintiff.

64. Denied, except to admit that Cheshire County Sherriff Eli Rivera interviewed Plaintiff.

65. Denied.

66. Denied.

67. Insufficient facts to admit or deny the allegations of this paragraph relating to Sheriff Rivera's biography and therefore deny same.

68. Insufficient facts to admit or deny allegations in this paragraph relating to Sheriff Rivera's biography, and therefore deny same. The remainder of the paragraph is denied.

69. Admitted that Sheriff Rivera issued a report with an unfounded finding; insufficient knowledge to admit or deny the allegations regarding the content of statement Sheriff Rivera made to plaintiff and therefore deny same.

70. Denied.

71. Denied.

72. Insufficient knowledge to admit or deny the allegations in this paragraph, except to admit that plaintiff sent an email to Chief Josephson alleging that Officer X had confessed to not being truthful in an accident report he had prepared.

73. Denied.

74. Denied, except to admit that the Town provisionally approved FMLA leave for the time period from 5/15-5/19/22.

75. Admitted that Chief Josephson's employment with the Town ended in September of 2022.

76. Admitted that on 6/15/22 the BOS voted to review and update the Town's personnel policy manual. By way of further response, a new policy manual was adopted in May of 2023.

77. Denied in part and admitted in part. Plaintiff emailed the Town on 7/26/22 to demand that the Town draft an on-call policy as soon as possible; the email does not appear to reference ADA policies.

78. Denied. By way of further explanation, the BOS established the compensation policy for on-call officers in December of 2021.

79. Denied, except to admit that police officers were expected to be within a 30 minute radius of Winchester while on-call.

80. Denied, except to admit that the Town accepted Chief Josephson's resignation and that he was not a certified New Hampshire officer.

81. Denied, except to admit the keys were secured in a safe in Amy Bond's office and plaintiff was not authorized to hold them.

82. Denied.

83. Admitted that plaintiff requested the keys.  Insufficient knowledge to admit or deny the factual allegations regarding what plaintiff reported to the Attorney General and therefore deny same.

84. Insufficient knowledge to admit or deny the factual allegations made in this paragraph, except that the Town denies that there was any impropriety in the mutual aid agreement entered with the Hinsdale Police Department.

85. Denied.

86. Denied, except to admit that plaintiff complained about exclusion from decision marking for the police department.

87. Denied.

88. Admitted, except that Chief Josephson's employment ended in September of 2022.

89. The Town is unable to identify the document referenced in this paragraph,  therefore has insufficient knowledge at this time to admit or deny the factual allegations contained therein and therefore deny same.

90. Admitted only that Plaintiff emailed the Town about his opinion regarding wage and overtime issues, including FLSA; the remainder of the paragraph is denied.

91. Admitted that the Town provided a memorandum to Plaintiff on 12/9/22 indicating that the Town had reviewed his timecards at his request and identified a net overpayment, but that it would not seek to collect the amount.  The Town did indicate that future erroneous overtime claims by plaintiff could be subject to disciplinary action.

92. Denied.

93. Denied that the information the Town provided was inaccurate.  Admitted that Plaintiff provided a written response disputing the Town's 12/9/22 memorandum that accused the Town Finance Director Amy Bond of having a "lack of basic math skills/ability to comprehend a 24 hour clock."

94. Denied.

95. Admitted that plaintiff requested that the BOS oversee the hiring process for new officers.

96. Admitted.

97. Denied.

98. Denied.

99. Denied.

100.	Admitted.

101.	Denied.

102.	Denied as worded.  Admitted that on 2/25/23 plaintiff emailed the Town outlining his opinion regarding the scope of his job duties.

103.	Denied.

104.	 Admitted that plaintiff attempted to schedule a training through Primex$^3$ for all town employees.  Denied that Primex$^3$ is an insurance company.

105.	Insufficient knowledge to admit or deny the allegations in this paragraph.

106.	Denied.

107.	Denied.

108.	Denied.

109.	Denied.

110.    Insufficient knowledge to admit or deny.

111.    Denied.

112.    Admitted the plaintiff sent such an email on 4/5/23 to Ms. Miner. The remainder of the paragraph is denied.

113.    This paragraph is a statement of plaintiff's personal beliefs and therefore does not require a response; the defense denies discrimination against employee Platz.

114.    Denied.

115.    Denied, except admitted that plaintiff requested permission to be present at the 4/11/23 BOS non-public meeting.

116.    Admitted.

117.    Denied.

118.    Denied.

119.    Denied, except to admit that on 4/19/23 the BOS voted to transition certain Town employees to a four-day workweek.

120.    Denied, except to admit the Town hired Attorney Kathleen Davidson to conduct an independent investigation of plaintiff's complaints.

121.    Insufficient knowledge to admit or deny plaintiff's statements regarding whether or not he received Attorney Davidson's investigation and therefore deny same; admitted that he was notified that the investigation concluded his complaints were unfounded. Admitted that the Town was notified of the same findings.

122.    Insufficient knowledge to admit or deny and therefore deny same.

123.    Insufficient knowledge to admit or deny and therefore deny same.

124.	Admitted; by way of additional response, the Town issued a written warning after learning that plaintiff had disregarded directives from the Town regarding training of new officers and working outside the scope of his role as lieutenant.

125.	Denied.

126.	Admitted that the Town entered into a MOU with the Town of Hinsdale on or around the date alleged, which document speaks for itself.

127.	The first sentence of this paragraph is admitted.  Insufficient information to admit or deny the second sentence of this paragraph relating to plaintiff's knowledge of the MOU and therefore deny same.

128.	Insufficient knowledge to admit or deny and therefore deny same.

129.	Admitted that David Rice was hired as Captain, although the date of hire was 9/10/23.  Denied that this was a "new" position; by way of further response, it was a restoration of a position that had previously been removed.  Admitted that Captain Rice was not certified in New Hampshire at the time of his hire, but by way of additional response he was certified in the state of Massachusetts and authorized to perform the duties of a New Hampshire police officer in the presence of another certified officer.  He received his New Hampshire certification on 3/1/24.

130.	Denied.

131.	Denied.

132.	As the identity of the individual referenced as "defendant's counsel" is unclear and the medium of communication is unspecified, the Town is unable to admit or deny the allegations in this paragraph and therefore deny same.

133.     Admitted that on 11/3/23 Plaintiff sent an email requesting exemption from on-call-shifts.

134.     The first sentence of the paragraph is admitted, except that the 11/6/23 email also indicated that Captain Rice was working with Chief Rataj to find ways to assist plaintiff. The second sentence of the paragraph is denied.

135.     Denied.  By way of further response, plaintiff did not apply for the captain position.

136.     Denied.

137.      Admitted, except the Town used the word "authorized" rather than "required" in regards to plaintiff's scheduling of his day of rest.

138.     Denied.

139.     Admitted, except the Town indicated plaintiff should coordinate with his supervisors as to changing the day of rest when he was required to work on Wednesdays.

140.      Denied.

141.     Admitted.

142.     Denied.

143.     Admitted.

144.     Denied.  Chief Rataj began investigating this matter on 11/4/23 and referred it the New Hampshire Police Standards and Training Conduct Review Committee (CRC) on 1/11/24.

145.     Admitted, although the plaintiff omits the next sentence in the document which states "See December 9, 2022 and July 13, 2023 letters previously sent to you."

146.    Denied as worded.  The Town's letter stated "When you are on call your not required to remain at the police department, you are not required to wear your uniform, and you are not required to monitor the radio.  When you are on call, the Town expects you to call dispatch back within 15 minutes of receiving a call.  You should also be within a 30 minute radius of the Town of Winchester."

147.    Denied.

148.    Except to admit that it provided plaintiff his request personnel information, because  the paragraph does not specify the date of this request, the Town has insufficient knowledge to admit or deny this paragraph and therefore denies same.

149.    The Town has insufficient knowledge to understand what "double dipping scheme" the plaintiff is referring to, therefore the paragraph is denied.

150.    Denied.

151.    Denied, except to admit the plaintiff served the Town with 91-A requests.

152.    Denied, except to admit that Chief Rataj's contract was not renewed.

153.    Insufficient knowledge to identify what plaintiff is referring to as the "law package," so denied except that the Town admits that Rice was promoted to become the Chief of Police.

154.    Admitted; by way of further response plaintiff was notified that he was being placed on paid administrative leave pending the outcome of the investigation by the CRC relating to his actions concerning the 11/4/23 domestic violence call.

155.    Admitted that the 3/14/24 notice indicated that leave was anticipated to run until 4/3/24.  The remainder of the paragraph is denied; by way of additional response,

plaintiff received a notice on 4/3/24 indicating the leave was being extended as the CRC had not completed their investigation.

156.    The first sentence of this paragraph indicating that that the CRC completed their investigation on 4/5/24 is admitted.  The second sentence of this paragraph is denied.

157.    The Town is unclear what Plaintiff means by the word "agreed"; however, the Town admits that Notice of Charges were prepared based on the findings of the CRC, and that the CRC report was incorporated by reference into the Notice by Chief Rice.

158.    This paragraph is a statement of plaintiff's opinion and therefore does not require a response; to the extent that the Court deems a response to be necessary,  the paragraph is denied.

159.    Denied, except to admit that Notice of Charges was issued on 5/3/24.

160.    Admitted;   by way of further response, plaintiff was interviewed and provided a subject statement to CRC investigators on 3/20/24, documentation of which was provided to Chief Rice.

161.    Admitted that Chief Rice declined to meet with plaintiff prior to his scheduled RSA 41:48 termination hearing.

162.    Denied, except to admit that plaintiff sent a letter of resignation on 6/6/24 making allegations that he was wrongfully discharged.  By way of further response, plaintiff had the right to contest the notice of charges before the Board of Selectmen at a RSA 41:48 hearing, which he waived via his resignation.

163.    Denied.

164.    Denied.

165.    Denied.

166.    This paragraph is a statement of the relief Plaintiff is requesting; the defendant denies Plaintiff is entitled to any such relief.

167.    This paragraph is a statement of the equitable relief Plaintiff is seeking; the defendant denies Plaintiff is entitled to any such relief.

## COUNT I

### Wage Claim & Overtime.

168.    Defendant repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

169.    This paragraph is a statement of law to which no response is required.

170.    This paragraph is a statement of law to which no response is required.

171.    This paragraph is a statement of law to which no response is required.

172.    This paragraph lacks sufficient specificity of dates to allow a response.  Defendant admits that at some periods during Plaintiff's employment police scheduling was done monthly.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Defendant admits that it has generally not paid Plaintiff overtime wages where it was not required to do so under the law.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    This paragraph is a statement of Plaintiff's damages claim to which no response is required.

183.    Denied.

184.    Denied.

185.    This paragraph is a statement of damages to which no response is required.

WHEREFORE Defendant demands dismissal of this count with interest and costs thereon.

## COUNT II

## NH RSA 275-E et seq.

## Whistleblower's Protection Act

186.    Defendant repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

187.    Denied.

188.    Defendant denies this paragraph, including subparagraphs A-U.

189.    Denied.

190.    Denied.

191.    Defendant denies this paragraph, including subparagraphs A-F.

192.    Denied.

193.    This paragraph is a statement summarizing Plaintiff's claims and requests for relief.  Defendant denies the claims and that Plaintiff is entitled to any relief.

**WHEREFORE Defendant demands dismissal of this count with interest and costs thereon.**

## COUNT III

## Wrongful Discharge (Constructive)

194.    Defendant repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Insufficient knowledge to admit or deny, therefore denied.

203.    Denied.

204.    Denied.

205.    This paragraph is a statement summarizing Plaintiff's claims and requests for relief.  Defendant denies the claims and that Plaintiff is entitled to any relief.

**WHEREFORE Defendant demands dismissal of this count with interest and costs thereon.**

## Count IV

## Violation of Constitutional Rights

206.    Defendant repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

207.    Denied.

208.    Denied.

209.    Denied.

210.    This paragraph is a statement of law and does not require a response.  The defense denies that it violated plaintiff's right to petition.

211.    Denied.

212.    This paragraph is a statement summarizing Plaintiff's claims and requests for relief.  Defendant denies the claims and that Plaintiff is entitled to any relief.

**WHEREFORE Defendant demands dismissal of this count with interest and costs thereon.**

## COUNT V

### FMLA Violation

213.    Defendant repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

214.    Admitted that Plaintiff applied for FMLA, but denied that the first request was made in November of 2023.

215.    Denied.

216.    As the timeframe alleged in this paragraph is unclear, the Town has insufficient knowledge to admit or deny and therefore the paragraph is denied.

217.    Denied.

218.    Denied.

219.    This paragraph is a statement summarizing Plaintiff's claims and requests for relief.  Defendant denies the claims and that Plaintiff is entitled to any relief.

**WHEREFORE Defendant demands dismissal of this count with interest and costs thereon.**

## AFFIRMATIVE DEFENSES

1. The Town denies all claims of liability and damages.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred in whole or part by the Statute of Limitations.

4. Plaintiff was an exempt employee under the FLSA to whom overtime was not required during periods of his employment.

5. Defendant relied in good faith on Plaintiff's exempt status.

6. Plaintiff did not work the hours claimed.

7. The Town denies that its actions or those of its agents, servants or employees violated any state or federal law with respect to the employment of the Plaintiff.

8. The Town raises the defenses of state and federal statutory and common law immunities and limitations to all claims, including but not limited to: R.S.A. 507-B:1, et seq.; R.S.A. 507-B:5; R.S.A. 507-B:2; and R.S.A. 507-B:4.

9. Plaintiff's alleged damages were caused in whole or in part by his own conduct, individually and/or in concert.

10. The Plaintiff has failed to mitigate his damages, if any.

11. Plaintiffs suffered no damages as a result of any actions by the Defendant.

12. Any and all action taken by the Defendant with respect to the Plaintiff was an exercise of business judgment made in good faith and for valid business reasons

13. Defendant is immune from liability on all federal claims pursuant to the doctrine of qualified immunity.

14. Defendant is immune from liability on all state law claims pursuant to the doctrine of official immunity.

15. Plaintiff is not entitled to an award of punitive or enhanced compensatory damages relative to any pendent state law claims.

16. Plaintiff failed to comply with Town policy and procedure.

17. To the extent damages are recoverable, they are limited in whole or in part by applicable federal and/or state law limits on recovery.

18. Plaintiff voluntarily resigned his employment with the Town.

19. Accord and satisfaction are reserved as defenses.

20. Defendant reserves the right to rely on additional affirmative defenses should they become known during the course of discovery or trial.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

Town of Winchester, Town of Winchester Police Department

By its Attorneys,

**CULLEN COLLIMORE SHIRLEY PLLC**
**(with respect to Count I)**

21

Dated:  April 24 2025

By: /s/ Brian J.S. Cullen

Brian J. S. Cullen, Esquire
NH Bar # 11265
37 Technology Way, Suite 3W2
Nashua, NH  03060
(603) 881-5500
bcullen@cullencollimore.com


FRIEDMAN FEENEY GETMAN, PLLC

(with respect to Counts II, III, IV, and V)

Date:  April 24 , 2025

By:    /s/ David Betancourt

David Betancourt, Esq. (NH Bar No. 15299)
95 North State Street, Suite 5
Concord, NH 03301
dbetancourt@friedmanfeeney.com
(603) 688-9994


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served to all counsel of record

through the ECF system.


Date:  April 24, 2025

By:  /s/ David Betancourt

David Betancourt, Esq.